OPINION
{¶ 1} Appellant Map Phin appeals the sentence rendered by the Delaware County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 21, 2005, Appellant Map Phin was indicted by a Delaware County Grand Jury, and charged with one count of engaging in corrupt activity, in violation of R.C. 2923.31(A)(l) (Count Three); one count of engaging in corrupt activity, in violation of R.C.2923.31(A)(3) (Count Four); one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2) (Count Thirteen); five counts of illegal cultivation of marijuana, in violation of R.C. 2925.04(A) (Counts Fourteen, Seventeen, Twenty, Twenty-Two, and Thirty-Three); one count of money laundering, in violation of R.C. 1315.55(A)(3) (Count Thirty-One); and one count of weapons under disability, in violation of R.C. 2923.139A)(3) ( Count Thirty-Two).
 {¶ 4} On October 7, 2005, Appellant withdrew his previously entered plea of not guilty to Count Three of the indictment, engaging in corrupt activity, and entered a plea of guilty. A pre-sentence investigation was ordered. The remaining counts of the indictment were dismissed at the request of the prosecution.
 {¶ 5} On January 23, 2006, Appellant was sentenced to a term of eight (8) years in prison on the first degree felony, fined $20,000.00, and ordered to pay the cost of prosecution.
 {¶ 6} Appellant timely filed a notice of appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO MORE THAN THE MINIMUM ALLOWED PURSUANT TO R.C. 2929.14(B) IN CONTRAVENTION OF THE UNITED STATES SUPREME COURT'S DECISION INBLAKELY V. WASHINGTON (2004), 542 U. S. 296.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT DEVIATED FROM ITS OBLIGATION TO IMPOSE THE SHORTEST PRISON TERM ON AN OFFENDER WHO HAD NEVER SERVED A PREVIOUS PRISON TERM WITHOUT MAKING THE REQUIRED FINDINGS AND REASONS AT THE SENTENCING HEARING REQUIRED PURSUANT TO R.C. 2929.14(B), AND WHEN IT RELYIED [SIC] ON FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT BEFORE THE IMPOSITION OF SENTENCE."
 I. {¶ 9} In his first assignment of error, Appellant maintains Ohio's sentencing statute is unconstitutional because it requires judicial fact finding not proven to a jury beyond a reasonable doubt prior to imposition of sentence. We agree based upon the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 10} The Ohio Supreme Court's decision in the Foster case is based upon three opinions from the United States Supreme Court. The first decision, Apprendi v. New Jersey, (2000), 530 U.S. 466, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.
 {¶ 11} The second decision pertinent to the Ohio Supreme Court's analysis in Foster is Blakely v. Washington (2004), 542 U.S. 296. InBlakely, the Court held that "* * * the `statutory maximum' forApprendi purposes is the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant. * * * In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Id. at 303-304.
 {¶ 12} The final case relied upon by the Ohio Supreme Court isUnited States v. Booker (2005), 543 U.S. 220. In the Booker decision, the Supreme Court found that the federal sentencing guidelines violated the Sixth Amendment because they required the judge rather than the jury to make findings of fact necessary for punishment. Id. at 233-234. As a remedy for the Blakely violations, the Court held that the sentencing guidelines must be treated as advisory only, with the maximum sentence being the top of the range set by the statute under which the defendant was convicted. Id. at 259.
 {¶ 13} Pursuant to the Apprendi, Blakely and Booker decisions, the Ohio Supreme Court addressed Ohio's sentencing statutes pertaining to the following areas: (1) more than the minimum prison term [R.C.2929.14(B)]; (2) the maximum prison term [R.C. 2929.14(C)]; (3) consecutive prison terms [R.C. 2929.14(E)(4)]; (4) prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C. 2929.13(B)(2)(b)]; (5) and repeat violent offender and major drug offender penalty enhancements [R.C. 2929.14(D)(2)(a), R.C.2929.14(D)(2)(b), and R.C. 2929.14(D)(3)(b)].
 {¶ 14} The Ohio Supreme Court, in Foster, found the following provisions of Ohio's sentencing statute unconstitutional because it required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. The unconstitutional provisions are as follows: more than the minimum prison term [R.C. 2929.14(B),2929.19(B)(2) and R.C. 2929.41]; the minimum prison term [R.C.2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C. 2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under the Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C. 2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional.
 {¶ 15} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 16} In applying the Foster decision to the facts of the case sub judice, Appellant correctly concludes that Ohio's sentencing statute is unconstitutional. Accordingly, because appellant's sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 17} Appellant's First Assignment of Error is sustained.
 {¶ 18} Based on our disposition of Appellant's First Assignment of Error, we will not address Appellant's second Assignment of Error.
By: Boggins, J. Hoffman, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee State of Ohio.